IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs November 28, 2018

**STATE OF TENNNESSEE v. MARVIN GREEN**

**Appeal from the Criminal Court for Sullivan County**
**No. S52556   William K. Rogers, Judge**

_____

**No. E2018-00251-CCA-R3-CD**

_____

The Defendant, Marvin Green, pleaded guilty to three drug-related offenses in exchange for an effective sentence of fifteen years. The Defendant appealed but his direct appeal was dismissed for failure to file an appellate brief. *See Marvin Green v. Jerry Lester, Warden*, No. W2013-025250-CCA-R3-HC, 2014 WL 2941237, at *1 (Tenn. Crim. App., at Jackson, June 26, 2014) (citing *Marvin Green v. State*, No. E2008-00182-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 29, 2008) (order)), *perm. app. denied* (Tenn. Nov. 19, 2014). After numerous unsuccessful post-conviction petitions, on December 18, 2017, the Defendant filed a motion to correct an illegal sentence, alleging that his plea agreement was not voluntarily entered. The trial court denied the motion for failure to state a cognizable claim. On appeal the Defendant maintains that his guilty plea was involuntary. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and, JAMES CURWOOD WITT, JR., JJ., joined.

Marvin Green, Hartsville, Tennessee, Pro Se, for the appellant.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A Ball, Senior Assistant Attorney General; and Barry P. Staubus, District Attorney General.

**OPINION**
**I. Facts**

A Sullivan County grand jury indicted the Defendant for possession of more than .5 grams of cocaine for sale or delivery within 1,000 feet of a school, possession of

marijuana, maintaining a dwelling where controlled substances are used or sold, and possession of drug paraphernalia. The Defendant pleaded guilty to all but the paraphernalia charge in exchange for an effective sentence of fifteen years in the Tennessee Department of Correction. This court dismissed the Defendant's direct appeal in August 2008 for failure to file an appellate brief. *See Marvin Green v. State*, No. E2008-00182-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Aug. 29, 2008) (order).

The Defendant subsequently filed several overlapping petitions for habeas corpus relief in different courts. In 2011, the Defendant filed a petition for habeas corpus relief in Wayne County. Then, in 2013, the Defendant filed two more habeas corpus petitions in Wayne County; the dismissal of those petitions was later affirmed on appeal by this court. *See Marvin Green v. Avril Chapman, Warden*, No. M2013-02715-CCA-R3-HC, 2014 WL 2001031 (Tenn. Crim. App., at Nashville, May 14, 2014), *perm. app. denied* (Tenn. Sept. 19, 2014). In the meantime, the Defendant also filed several motions, a post-conviction petition, and a habeas corpus petition in Sullivan County, all of which were dismissed. This court consolidated the Defendant's three appeals and treated the motion to correct a clerical error as a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. *State v. Marvin Magay James Green*, E2013-02425-CCA-R3-CD, 2014 WL 2957716, at *3 (Tenn. Crim. App., at Knoxville, June 30, 2014) *perm. app. denied* (Tenn. Nov. 20, 2014). This court affirmed the trial court's judgments, finding, in part, that the Defendant's sentence, which required him to serve the mandatory minimum of fifteen years without parole eligibility, was a legal sentence. *Id*. at *3-4.

On December 18, 2017, the Defendant filed a motion to correct an illegal sentence, alleging that his plea agreement, which required 100 percent service of his fifteen-year sentence, was not voluntarily entered. The trial court summarily denied the motion, finding no cognizable claim. It is from this judgment that the Defendant appeals.

## II. Analysis

The Defendant contends that "[t]he 36.1 court abused it's [sic] discretion in denying [the Defendant] relief under the 36.1 Rule." Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of

sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id*. Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id*. In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*. A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

The State initially notes the procedural deficiencies in the Defendant's motion to correct an illegal sentence. We agree. The Defendant's motion fails to acknowledge that this is not the Defendant's first Rule 36.1 motion, and the Defendant failed to attach a copy of the previous motion and order denying his previous motion. The trial court's dismissal is proper on this ground alone. Nonetheless, we conclude that the trial court's denial on the basis that the Defendant has failed to state a colorable claim was proper. This court has already concluded that the Defendant's sentence is legal. *See Green*, 2014 WL 2001031 at *2; *Green,* 2014 WL 2957716, at *4. The Defendant is not entitled to relief.

### III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

- 3 -